FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHELLY C., | No: 2:20-CV-00201-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 13, 18. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Lisa Goldoftas. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 13, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 18, and **REMANDS** the case for to the Commissioner for additional proceedings.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Shelly C.[1] filed an application for Supplemental Security Income (SSI) on April 5, 2017, Tr. 339, alleging disability since April 5, 2017, Tr. 440, due to anxiety, depression, borderline personality disorder, posttraumatic stress disorder (PTSD), carpal tunnel, diabetes, migraines, and impairments of the back, neck, and shoulder, Tr. 472. Benefits were denied initially, Tr. 375-78, and upon reconsideration, Tr. 382-84. A hearing before Administrative Law Judge Eric S. Basse ("ALJ") was conducted on November 7, 2018. Tr. 266-314. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Joseph Moisan. *Id*. The ALJ denied benefits on April 1, 2019. Tr. 53-66. The Appeals Council denied Plaintiff's request for review on April 14, 2020. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3). ECF No. 1.

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

Plaintiff was 43 years old at the application date. Tr. 440. She completed her GED in 2005. Tr. 473. Plaintiff's reported work history includes jobs as a childcare provider, a deli worker, a janitor, and a retail associate. Tr. 459, 473. At application, she stated that she stopped working on September 1, 2007, due to her conditions. Tr. 472.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. §§ 405(g), 1383(c). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

389 (9th Cir. 2012).

# THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 5, 2017, the date of application. Tr. 55. At step two, the ALJ found that Plaintiff has the following severe impairment: migraines; polycystic ovary disorder; hypertension; degenerative disc disease; right and left shoulder impingements; right carpal tunnel syndrome; anxiety; and depression. Tr. 55-56. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 57. The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

> the claimant can occasionally stoop, kneel, crouch, and crawl. She has no limitations in climbing ramps and stairs or balancing, but cannot climb ladders, ropes, and scaffolds. With respect to reaching, with her right dominant upper extremity, she can occasionally reach overhead and other reaching is okay. With her left upper extremity, she can frequently reach overhead and other reaching is okay. With bilateral upper extremities, she can frequently handle. She should avoid concentrated exposure to extremes of cold and concentrated exposure to vibrations or hazards. The claimant is capable of simple routine tasks with short, simple instructions. She can interact superficially with the public and coworkers and can accept supervision. The claimant may be off task in the workday, but off-task behavior will be less than ten percent of the workday.

Tr. 59. At step four, the ALJ identified Plaintiff's past relevant work as a childcare worker and found she could not perform this past relevant work. Tr. 64. At step five, the ALJ found that considering Plaintiff's age, education, work experience,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: merchandise marker; mail clerk; and grain picker.  Tr. 65.  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from April 5, 2017, the date of application, through the date of his decision.  Tr. 66.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI benefits under Title XVI of the Social Security Act.  ECF No. 13.  Plaintiff raises the following issues for this Court's review:

1.    Whether the ALJ properly assessed the persuasiveness of medical source opinions;

2.    Whether the Appeals Council erred by failing to admit new evidence submitted to it as an exhibit;

3.    Whether the ALJ properly addressed Plaintiff's symptom statements; and

4.    Whether the ALJ failed to properly address Plaintiff's migraines.

## DISCUSSION

## 1.    Medical Source Opinions

Plaintiff challenges the ALJ's determination regarding the persuasiveness of the opinions from Anselm A. Parlatore, M.D., Nichole Avila-Parker, NP, Lynn Staker, M.D., Dan Neims, Psy.D., and K. Helena Hauge, MA.  ECF No. 13 at 13-20.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[2]

## A.    Anselm Parlatore, M.D.

On October 3, 2017, Dr. Parlatore completed a Psychiatric Evaluation at the request of Social Security.  Tr. 673-78.  He diagnosed the claimant with PTSD, panic disorder, dysthymia, and borderline personality traits.  Tr. 676.  He opined that Plaintiff's "social interaction and adaptation are markedly impaired," her "activities of daily living and social functioning, all four parameters of

---

[2]The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF No. 13 at 13; ECF No. 18 at 2-3; ECF No. 19 at 3-6. The Court finds resolution of this question unnecessary to the disposition of this case.

appropriateness, independence, sustainability, quality and effectiveness are all markedly impaired," and her "ability to tolerate increased mental demands associated with competitive work" is markedly impaired. Tr. 676. The ALJ found this opinion not to be persuasive, stating that "[t]his opinion is not consistent with minimal psychiatric observations (*see e.g.* C10F27, 30, 38, 80), or supported by the claimant's performance on mental status examinations (*see e.g.* C6F4; C8F3)" Tr. 63.

While the ALJ used the terms "consistent" and "support," the ALJ's discussion failed to comply with the new regulations. As discussed above, an ALJ is required to articulate how he considered the consistency and supportability factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ failed to address the factor of consistency. He found the opinion was not consistent with minimal psychiatric observations. Tr. 63. The ALJ did not discuss or analyze these observations. Instead, he simply provided page citations to the record as examples. Tr. 63. The pages cited include psychiatric exams that show depressed or anxious mood and an affect incongruent with mood. Tr. 706, 709, 717, 759. These exams amount to objective medical evidence, and fall under the requirement of supportability, not consistency. The ALJ did not discuss Dr. Parlatore's opinion in terms of its consistency with other opinions in the record. Therefore, the ALJ only addressed one of the two factors required under the new regulations.

Furthermore, when discussing supportability, the reference to the objective evidence was merely a reference. Tr. 63. There was no explanation as to how the records cited by the ALJ were inconsistent with or failed to support a specific portion of the medical opinion. The Court is "constrained to review the reasons the ALJ asserts," when reviewing the ALJ decision. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Without some explanation explaining how these psychiatric exams, which contained evidence of abnormal mood and affect, were not in support of Dr. Parlatore's opinion, the Court cannot affirm the determination that the opinion was not persuasive. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"). The case is remanded for the ALJ to properly consider the persuasiveness of Dr. Parlatore's opinion.

**B. Nicole Avila-Parker, NP**

On May 23, 2018, Nurse Avila-Parker[3] stated that "I am not sure patient would be able to maintain long-term employment as she has trouble regulating her moods, has a baseline suicidal ideation. Her mood shifts are expected to occur in times of high stress or when she is feeling a sense of abandonment or rejection."

---

[3]As a Nurse Practitioner, Nurse Avila-Parker is considered an acceptable medical source. 20 C.F.R. § 419.902(a)(7).

Tr. 734.  The ALJ found the assessment not persuasive, stating that it "is not

sufficiently explained and does not include a durational element.  Further, it is not

consistent with minimal psychiatric observations (*see e.g.* C10F27, 30, 38, 80) or

supported by the claimant's performance on mental status examinations (*see e.g.*

C6F4; C8F3)."  Tr. 64.  Again, the ALJ's determination addresses the factor of

supportability without addressing the consistency of the opinion.  *See supra.*

When addressing supportability, the ALJ provided citations to the record in

support of his conclusion, but did not provide any explanation regarding how the

evidence on the pages cited failed to support the opinion.  This hinders the Court's

ability to provide a meaningful review of the decision.  *See Brown-Hunter*, 806

F.3d at 492.  Therefore, the ALJ will properly consider the persuasiveness of Nurse

Avila-Parker's opinion upon remand.

On June 6, 2018, Nurse Avila-Parker repeated the May 23, 2018 statement

regarding Plaintiff's ability to maintain long-term work.  Tr. 723.  The ALJ did not

address the June 6, 2018 statement.  Plaintiff argues this amounts to a failure to

discuss a new, second opinion by Nurse Avila-Parker.  ECF No. 13 at 18.

Defendant argues that this is merely a repeat of the May 23, 2018 statement and

does not need to be considered separately.  ECF No. 18 at 13.  As discussed above,

consistency is one of the two factors the ALJ is required to articulate when

considering the persuasiveness of medical opinions in the file.  20 C.F.R. §

416.920a(b)(2).  Here, Nurse Avila-Parker's repeated opinion does support a level

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

of consistency.  Therefore, upon remand the ALJ will properly articulate the factors he considered when determining the persuasiveness of both the May and June statements by Nurse Avila-Parker.

### C.    Lynn L. Staker, M.D.

On February 13, 2017, Dr. Staker completed a Physical Functional Evaluation for the Washington State Department of Social and Health Services (DSHS).  Tr. 636-41.  She diagnosed Plaintiff with probable lumbar and cervical disc impairment, carpal tunnel syndrome, a probable impingement of her left shoulder, and a probable AC joint strain or degenerative changes of the right shoulder.  Tr. 637, 640.  She opined that Plaintiff was capable of performing sedentary work in a regular predictable manner despite her impairment.  Tr. 638.  She opined that Plaintiff's current limitation would persist with available treatment for six months.  Tr. 638.  She stated that Plaintiff needed x-rays of the lumbar and cervical spine.  Tr. 638, 640.  In the examination notes, Dr. Staker stated that Plaintiff "will have some difficulty rehabilitating.  At this point, it is somewhat doubtful that she would be employable at even a sedentary level."  Tr. 641.  The ALJ found Dr. Staker's opinion "of little persuasive value."  Tr. 63.  He found that the opinion was internally inconsistent, that the six-month timeframe did not align with the durational requirements, and that the x-rays were not in the record so the opinion was an overstatement of the severity of Plaintiff's limitations.  *Id*.

This case is remanded for the ALJ to properly consider the persuasiveness of

the opinions of Dr. Paralotre and Nurse Avila-Parker.  Additionally, x-rays of the

cervical spine were submitted to the Appeals Council, Tr. 49, and can now be

considered in conjunction with Dr. Staker's opinion.  Therefore, upon remand, the

ALJ readdress the persuasiveness of Dr. Staker's opinion along with the new

imaging reports.

### D. Dan Neims, Psy.D.

On February 17, 2017, Dr. Neims completed a Psychological/Psychiatric

Evaluation form for DSHS.  Tr. 642-58.  He diagnosed Plaintiff with PTSD,

depressive disorder, and generalized anxiety disorder.  Tr. 643.  He opined that

Plaintiff had a moderate limitation in the abilities to perform activities within a

schedule, maintain regular attendance, and be punctual within customary

tolerances without special supervision, to adapt to changes in a routine work

setting, to communicate and perform effectively in a work setting, and maintain

appropriate behavior in a work setting, and complete a normal work day and work

week without interruptions from psychologically based symptoms.  Tr. 643-44.  He

checked both the moderate and marked boxes on the ability to make simple work-

related decisions.  Tr. 643.  He opined that with available treatment Plaintiff would

be impaired for twelve months.  Tr. 644.  The ALJ found Dr. Neims' opinion to be

"somewhat persuasive."  Tr. 63.

The case is being remanded for the ALJ to properly consider the

persuasiveness of medical opinions in the record.  On remand, the ALJ will again

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~
15

address the persuasiveness of Dr. Neims' opinion.

**E.    K. Helena Hauge, MA**

On October 31, 2017, Ms. Hauge, who had treated Plaintiff since May of 2017, provided the following statement:

> Due to the longstanding nature of Shelly's primary diagnosis – Borderline Personality Disorder and Post Traumatic Stress disorder, she has a difficult time interacting with people.  Her Anxiety disorder and Depressive disorder also make it difficult for her to be consistent in her schedule.  At this time, I believe she would need a more supportive environment to enable her to work more effectively on her mental health issues prior to her being able to engage in employment. I would deem her prognosis to be fair at the most.

Tr. 679.  The ALJ found the opinion not to be persuasive.  Tr. 63.  Since the case is being remanded for the ALJ to properly consider the persuasiveness of the other medical opinions in the record, the ALJ will also readdress the opinion of Ms. Hauge.

**2.    Evidence Submitted to the Appeals Council**

Plaintiff argues that the Appeals Council erred by failing to admit new evidence submitted to it as an exhibit.  ECF No. 13 at 4-6.

Following an unfavorable decision by an ALJ, a claimant may request that the Appeals Council review the decision.  20 C.F.R. § 416.1467.  "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge."  *Id*.  The Appeals Council "will review a case . . . if [s]ubject to paragraph (b) of this

section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). Paragraph (b) states the Appeals Council only will consider additional evidence under paragraph (a)(5) if a claimant shows good cause for not informing the agency or submitting the evidence prior to the ALJ hearing as required in 20 C.F.R. § 416.1435. 20 C.F.R. § 416.1470(b).

Following the ALJ's April 1, 2019 decision, Plaintiff requested a review by the Appeals Council. Tr. 435. Plaintiff then submitted evidence from Mattawa Community Medical Clinic dated August 27, 2018, through June 10, 2019. TR. 2, 71-211. The Appeals Council denied Plaintiff's request for review and did not admit exhibits of the newly submitted medical evidence. Tr. 2. The Appeals Council found that the evidence that predated the ALJ's decision did "not show a reasonable probability that it would change the outcome of the decision." *Id.* The Appeals Council did not admit the remaining evidence into the record as an exhibit because it found the evidence did not relate to the period at issue. *Id.*

The Ninth Circuit has held that district courts do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision because the Appeals Council decision is a non-final agency action. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) *citing Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). When

the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Commissioner and the district court reviews the ALJ's decision for substantial evidence based upon the record as a whole. *Id*. at 1161-62. "[T]he administrative record includes evidence submitted to and considered by the Appeals Council." *Id*. at 1162. When the Appeals Council fails to "consider" additional evidence that meets the requirements set forth in 20 C.F.R. § 416.1470(b), remand to the ALJ is appropriate. *Taylor*, 659 F.3d at 1233. Therefore, whether or not the Appeals Council "considered" new evidence dictates whether or not the evidence is a part of the record as a whole and whether a remand is appropriate. *See Brewes*, 682 F.3d at 1162 ("the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is 'evidence upon which the findings and decision complained of are based'"); *see Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) ("here the Appeals Council only looked at the evidence, and determined it did not meet the standard for consideration," and therefore, "the new evidence did not become part of the record, and we may not consider it").

The Appeals Council found that the evidence predating the ALJ's decision did "not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Tr. 2. This Court joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome of the ALJ's decision while

simultaneously not considering it and not associating it with the record. *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at *5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM, 2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v. Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak. Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT, 2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019). Therefore, the Court concludes that the Appeals Council erred by refusing to admit the evidence that predated the ALJ's April 1, 2019 decision as an exhibit. Upon remand, this newly submitted evidence will be exhibited and considered when addressing the persuasiveness of the medical opinions in the record and addressing the reliability of Plaintiff's symptom statements.

Furthermore, upon remand the ALJ will be considering Plaintiff's RFC for the entire period Plaintiff is claiming disability. Here, that period is April 5, 2017, and forward. Therefore, the ALJ will also admit the evidence dated after the ALJ's decision as an exhibit.

**3.    Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of her symptom statements. ECF No. 13 at 6-12.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  Tr. 60.  The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence.  *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**4.    Migraines**

Plaintiff argues that the ALJ erred by failing to include limitations from her migraines, such as limited exposure to noise and bright lights, in the RFC determination.  ECF No. 13 at 20-21.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations."  20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental

requirements of jobs.").  Since the ALJ has been instructed to reconsider the persuasiveness of the medical opinions and Plaintiff's symptoms statements, a new RFC determination will be required upon remand.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits.  ECF No. 13 at 6.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the new evidence that was initially submitted to the Appeals Council must be exhibited and considered by the ALJ. The ALJ shall reconsider the persuasiveness of the medical opinions in the record under the new regulations, readdress Plaintiff's symptom statements, and make a new RFC determination. In addition, the ALJ should supplement the record with any outstanding medical evidence and take additional testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 25, 2021.

<u>     s/ Rosanna Malouf Peterson     </u>
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22